```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
PETER W. LINDNER,                          :
                                           :
                    Plaintiff,             :
                                           :   06 Civ. 3834 (JGK)(THK)
          -against-                        :
                                           :         ORDER
                                           :
AMERICAN EXPRESS CORP. and                 :
QING LIN,                                  :
                                           :
                    Defendants.            :
------------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This action for the alleged breach of a settlement agreement in another lawsuit, brought by Plaintiff Peter W. Lindner against Defendants American Express Travel Related Services Company, Inc. and Qing Lin, was referred to this Court for settlement purposes. On March 29, 2007, the Court held a settlement conference with the parties ("April 29 Conference"). After more than eight hours of negotiation, the parties reached a settlement and placed the terms of their agreement on the record. One provision of the agreement is that the terms of the settlement are to be kept confidential. Although the parties acknowledged their consent to the terms of the agreement before the Court, it was anticipated that a written agreement would be executed as well. The following day, Plaintiff notified Defendants that he no longer wished to abide by the terms of the agreement. Defendants subsequently filed a motion to enforce the agreement, and for a protective order compelling Plaintiff to preserve the confidentiality of the parties' agreement

and enjoining Plaintiff from filing publicly any terms of the confidential settlement pending determination by the Court of the enforcement motion. A hearing on the motion is scheduled for May 4, 2007.

The District Court (Koeltl, J.) granted Defendants' request to file their motion under seal. (See Memorandum Endorsed Order, dated Apr. 5, 2007.)) In a subsequent Order, Judge Koeltl reminded the parties that those portions of their submissions to the Court that contained "confidential information" could be redacted from documents that should otherwise be publicly filed, and that unredacted submissions containing confidential information could be filed under seal. (See Order, dated Apr. 13, 2007.) In his Order, Judge Koeltl responded to Defendants' request that the transcript of the settlement proceeding be sealed as well. He noted that his April 5 Order "did not rule that the transcript of the proceeding before [this Court] was confidential or could be filed under seal." Judge Koeltl instructed Defendants that the "application to seal that transcript should be made in the first instance to [this Court] [which] held that proceeding and is familiar with the contents of that proceeding and whether any portion of the transcript was sought to be sealed and whether it met the requirements for sealing." In a letter dated April 13, 2007, Defendants made an application to this Court requesting that the transcript of the settlement reached at the April 29 Conference be

2

sealed. (See Letter of Jean Y. Park, Esq. to the Court, dated Apr. 13, 2007.) Plaintiff opposes the request.

The Second Circuit has made clear that the public has a common law presumptive right of access to judicial proceedings and documents. See United States v. Amodeo, 44 F.3d 141, 145-46 (2d Cir. 1995). Courts considering restrictions on that access must weigh the presumption of public access, against the "danger of impairing . . . judicial efficiency and . . . the privacy interests of those resisting disclosure." Amodeo v. Meyer, Suozzi, English & Klein, P.C., 71 F. 3d 1044, 1048-1050 (2d Cir. 1995). "There is no question that fostering settlement is an important Article III function of the federal district courts," United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 856 (2d Cir. 1998), and that maintaining the confidentiality of settlement discussions and honoring the parties' agreement to maintain the confidentiality of their settlement agreements advances that function.

In the instant case, the Court finds that there is no presumptive right of access to the April 29 Conference, including the on-the-record statement of the settlement agreement, and thus Defendants' request to seal the April 29 transcript is GRANTED. Unlike materials presented at trial, or submitted to a court in support of a motion, there is no presumptive right of access to settlement discussions, see Glens Falls Newspapers, 160 F.3d at 857; Amodeo, 71 F.3d at 1049, or to "settlement documents that were

entered into on a confidential basis between the parties and are not themselves part of the court record," Gambale v. Deutsche Bank AG, 377 F.3d 133, 143 (2d Cir. 2004). The agreement reached on April 29 has not been filed with the Court and is thus not part of the judicial record. See Gambale, 377 F.3d at 143 (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994) (holding that a settlement agreement not filed with, interpreted by, or enforced by a court is not a judicial record presumed to be accessible); SEC V. Van Waeyenberghe, 990 F.2d 845, 849 (5th Cir. 1993) ("Once a settlement is filed in district court, it becomes a judicial record. The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval")). Indeed, both parties agreed that the terms of the agreement were not to be made part of the judicial record, so as to maintain the confidentiality of the agreement.[1]

The fact that this Court participated in the settlement discussions, and that a transcript of the agreement was created, does little to undermine the confidentiality of the settlement agreement. Because this Court was only participating in the action

---

[1] The parties agreed to submit a stipulation of discontinuance to the Court that would not contain the terms of the agreement, but instead have a provision providing that the Court would retain jurisdiction to enforce the terms of the agreement.

4

in order to assist the parties with their settlement efforts, and it was made clear that all settlement discussions were "off the record," for all practical purposes the settlement conference was not a "court proceeding" as to which the public has a right of access. See Glens Falls Newspapers, 160 F.3d at 858 ("Few cases would ever be settled if the press or public were in attendance at a settlement conference or privy to settlement proposals. A settlement conference is an opportunity for the parties, with the court acting as an impartial mediator, to have a frank discussion about the value of avoiding a trial.").

Again, the parties expressly agreed before the Court to maintain the confidentiality of their settlement agreement; therefore, the transcript containing the agreement will be maintained under seal and any public dissemination of the transcript of the settlement proceeding by Plaintiff would be a breach of his agreement with Defendants.

\* \* \* \*

In a separate request, Plaintiff has sought clarification from this Court as to whether he is bound by the terms of the agreement in light of his belief that "no agreed settlement exists between [Plaintiff] and [Defendants]." (See Letter of Peter W. Lindner to the Court, dated Apr. 16, 2007.) Plaintiff is currently represented by counsel and must receive any legal advice from his attorney, not the Court. The Court simply notes, as did Judge

5

Koeltl, that "plaintiff remains bound by any contractual agreements that he entered." (Order, dated Apr. 13, 2007.)

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: April 19, 2007
       New York, New York