```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PETER W. LINDNER,                   :
                                    :
                                    :    06 Civ. 3834 (JGK)(THK)
                       Plaintiff,   :
                                    :    **MEMORANDUM OPINION AND**
                                    :    **ORDER**
              -against-             :
                                    :
AMERICAN EXPRESS CORP. and          :
QING LIN,                           :
                                    :    (Pro Se)
                       Defendants.  :
------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Peter W. Lindner has moved for sanctions against Defendant American Express Corp. and its attorney, Jean Y. Park, employed by the firm of Kelley Drye & Warren LLP, for alleged deceptive statements made by Ms. Park to the Court in the course of pretrial discovery. Plaintiff relies primarily on New York Judiciary Law § 487, and secondarily on Rule 11 of the Federal Rules of Civil Procedure, in seeking damages, criminal sanctions, and attorneys' fees as a result of the alleged misrepresentations. For the following reasons, Plaintiff's motion is denied.

New York Judiciary Law § 487 provides, in relevant part, that: "An attorney or counselor who: 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages to be recovered in a civil action." This statute does not provide a

basis for sanctioning a party or attorney for misconduct in an ongoing federal action. Rather, it allows for a state law claim for conduct that occurred in a prior state court action. See Schertenleib v. Traum, 589 F.2d 1156, 1166 (2d Cir. 1978) ("[W]e believe that section 487 is . . . intended to regulate, through criminal and civil sanctions, the conduct of litigation before the New York courts. . . . It seems more likely that the concern is for the integrity of the truth-seeking processes of the New York courts. . . ."); Amalfitano v. Rosenberg, 428 F. Supp. 2d 196, 207 (S.D.N.Y. 2006) ("This law supports a civil action by a party to a litigation against the attorneys representing parties in the litigation . . .") (quoting Trepel v. Dippold, No. 04 Civ. 8310 (DLC), 2005 WL 1107010 at *4 (S.D.N.Y. May 9, 2005)).

The Complaint in this action does not assert a civil claim under section 487, and Plaintiff has not sought or been granted leave to assert such a claim; rather, he is seeking sanctions for conduct in this very litigation. Accordingly, Plaintiff is not entitled to sanctions under section 487.

Plaintiff's passing reference to Rule 11 of the Federal Rules of Civil Procedure is also to no avail. There is no evidence that Plaintiff followed the requirements of the Rule, specifically, by serving his motion on Defendants' counsel 21 days before presenting it to the Court, thus allowing Defendants' counsel time to withdraw or correct the alleged misrepresentations. See Fed. R. Civ. P.

2

11(c)(2). Rule 11 establishes a "safe harbor" of 21 days "during which factual or legal contentions may be withdrawn or appropriately corrected in order to avoid sanction." Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1327-28 (2d Cir. 1995). The safe-harbor provision is "intended to reduce the number of motions for sanctions and to provide opportunities for parties to avoid sanctions altogether." Perpertual Sec., Inc. v. Tang, 290 F.3d 132, 141 (2d Cir. 2002).

If a party seeking Rule 11 sanctions fails to comply with the safe-harbor provision - by failing to serve the motion at least twenty-one days prior to filing it with the court - the motion must be denied. See, e.g., Storey v. Cello Holdings, LLC, 347 F.3d 370, 389 (2d Cir. 2003) ("highly suspect" statements cannot serve as a basis for sanctions in the absence of notice required by Rule 11); Perpetual Sec., 290 F.3d at 142 ("The district court's awarding of sanctions against Perpetual in contravention of the explicit procedural requirements of Rule 11 was thus an abuse of discretion."); Hadges, 48 F.3d at 1328 (award of sanctions reversed because party seeking sanctions failed to provide the "'safe-harbor' period that the current version of the Rule specifically mandates."); Carruthers v. Flaum, 450 F. Supp. 2d 288, 304 (S.D.N.Y. 2006) ("In this Circuit, compliance with the procedural requirements of Rule 11 is mandatory."); ESI, Inc. v. Coastal Corp., 61 F. Supp. 2d 35, 68 (S.D.N.Y. 1999) (motion for sanctions

3

"must be denied without a discussion of the merits" based on failure to comply with "mandatory 'safe harbor' provision").

Because Plaintiff has failed to comply with the procedural requirements of Rule 11, he is not entitled to Rule 11 sanctions.[1]

Leaving aside the procedural infirmities of Plaintiff's motion, the Court concludes that there is no substantive basis for the imposition of sanctions against Defendants or their counsel.[2] Plaintiff has placed in issue four statements made by Ms. Park. First, Plaintiff contends that Ms. Park intentionally deceived the Court about whether, at Plaintiff's deposition, she asked inappropriate questions about Mr. Lindner's sexual behavior. Having reviewed the record, the Court finds that no such misrepresentation was made. Plaintiff further contends that Ms. Park intentionally deceived the Court by stating that Mr. Ash Gupta

---

[1] Plaintiff also makes passing reference to Local Civil Rule 1.5 of the Southern District of New York, which deals with the filing of grievances with a committee of judges of this Court, for the purpose of attorney discipline. That rule has no relevance to a sanctions motion for litigation-related conduct.

[2] Under the Judiciary Law, a plaintiff must allege "a chronic and extreme pattern of legal delinquency," or a particularly egregious act of deception. Moreover, he must demonstrate compensatory or consequential damages. See Kaminsky v. Herrick, Feinstein LLP, -- N.Y.S.2d --, 2008 WL 5245901, at *8 (1st Dep't 2008); Kinberg v. Opinsky, 51 A.D.3d 548, 549, 859 N.Y.S.2d 129, 130 (1st Dep't 2008); Nason v. Fisher, 36 A.D.3d 486, 487, 828 N.Y.S.2d 51, 52 (1st Dep't 2007); Kaiser v. Van Houten, 12 A.D.3d 1012, 1015, 785 N.Y.S.2d 569, 573 (3d Dep't 2004); Havell v. Islam, 292 A.D.2d 210, 210, 739 N.Y.S.2d 371, 372 (1st Dep't 2002); Kirk v. Heppt, 532 F. Supp. 2d 586, 593 (S.D.N.Y. 2008); Bastys v. Rothschild, No. 97 Civ. 5154 (CM) (GAY), 2000 WL 1810107, at *48 (S.D.N.Y. Nov. 21, 2000).

had nothing to do with the settlement agreement in Plaintiff's prior action, or its breach. Although Mr. Gupta was a party to the settlement agreement, Ms. Park has made clear, and it is evident from the context of the challenged statement, that her intention was to state that Mr. Gupta had nothing to do with any alleged breach of the agreement and, thus, was thus not a proper party to be deposed; this statement was made in response to Plaintiff's belated attempt to depose Mr. Gupta. In fact, Plaintiff has not alleged that Mr. Gupta breached the agreement, and Plaintiff did make an untimely request to depose him.

The final two statements that Plaintiff contends were intentional misrepresentations relate to Ms. Park's position about Plaintiff's substantive claims, that is, whether Defendant Qing Lin breached the parties' settlement agreement. Counsel's statements about her understanding of the agreement and whether it was breached are legal contentions which she is entitled to espouse on behalf of her client. There is no basis to conclude that she was intentionally misrepresenting matters of fact with the intent to deceive the Court.

In sum, the Court finds that Plaintiff has not met his burden of demonstrating that Defendants' counsel attempted to deceive the Court or engaged in any sanctionable conduct. Moreover, the Court did not issue any discovery rulings on the basis of the challenged statements, and Plaintiff suffered no compensable damage as a

5

result of counsel's statements.  Accordingly, Plaintiff's motion for sanctions is denied.

So Ordered.

**This Order resolves the motion filed as Docket Entry #92.**

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: January 8, 2009
       New York, New York