# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**
**NEW YORK, NEW YORK 10178**

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

JEAN Y. PARK

DIRECT LINE (212) 808-5019
EMAIL jpark@kelleydrye.com

**MEMO ENDORSED**

January 16, 2009

**RECEIVED JAN 16 2009**

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 1/16/09**

BY FACSIMILE

Honorable Theodore H. Katz
United States Magistrate Judge
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

Re:  Lindner v. American Express Corporation & Qing Lin
     Civil Action No. 06-3834 (JGK-THK)

Dear Judge Katz:

      We are in receipt of Mr. Lindner's three letter-applications, entitled "Request for an Order to Allow Deposition of Jason Brown at Offices of Court Stenographer, "Request for Copies of Deposition," and "Request for Order to Confer." This comprises Defendants' responses to same.

      1.    **Jason Brown Deposition:** Defendants' position on the issue of their depositions is, and has been, that all such depositions need to take place at the Courthouse. By letter, dated January 9, 2009, we confirmed Mr. Brown's deposition for January 22nd, commencing at 9:30 am, at the Courthouse. The basis for this request is simple: I have, and continue to have, serious concerns about my clients' safety and security. Conducting this deposition at the Courthouse and being able to avail ourselves of the Court's assistance and intervention will also ensure that Mr. Lindner completes the deposition as ordered.

      Mr. Lindner has shown himself incapable of proceeding with any deposition up to this date without the Court's intervention. His behavior during his deposition and the most recent deposition of Mr. Lin have not allayed my concerns on this issue or the abiding concerns about my clients' safety and security.

      2.    **Request for Copies of Deposition:** Defendants' vehemently object to Mr. Lindner receiving copies of Mr. Lin's videotaped deposition. The Court's January 14th Order made clear that no such copies would be made and that the original videotapes would remain in the Court's custody and would only be used in the event this case goes to trial. Mr. Lindner's stated reason for wanting these copies – "to show excerpts from the videotapes to Jason Brown" – is palpably improper. There is no basis, rational or otherwise, under the Federal Rules for Mr.

NY01/PARKJE/1330702.1

**KELLEY DRYE & WARREN LLP**

Honorable Theodore H. Katz
January 16, 2009
Page Two

Lindner to show Mr. Lin's videotape to Mr. Brown during Mr. Brown's deposition and doing so will only serve to prolong and complicate a deposition which is complicated enough given Mr. Lindner's pro se status and engagement of both a videographer and a stenographer. Mr. Lindner appears determined to complicate needlessly a very simple case with very narrow and discrete claims. He had problems enough conducting Mr. Lin's deposition without now adding another videotaped element to Mr. Brown's deposition.

       3.     Refusal to Confer: Engaging Mr. Lindner in any conversation is a zero sum game. His "requests to confer" are never such. Instead, they are demands that only lead to interminable arguments that never end. I do not engage Mr. Lindner in any manner other than through email because of his distortion of what I say, refusal to take "no" for an answer, and incessant badgering about matters that invariably have already been determined by the Court. The Federal Rules do not impose any obligation to continue engaging an adversary who harangues in bad faith on irrelevant and/or resolved matters. Nor, for that matter, do they impose any obligation to respond to a pro se litigant's demands for a response. Mr. Lindner appears to believe that everyone, including this Court, is at his beck and frivolous call. He is wrong.

For all of these reasons, we respectfully request that Your Honor deny Mr. Lindner's latest applications.

Respectfully submitted,

Jean Y. Park

cc:    Peter Lindner (by email)

NY01 PARKJF/1330702.1

*Mr. Brown's deposition is to take place in the Courthouse. There is no reason for the videotape of defendant Qing Lin's deposition to be used at the Brown deposition.*

**SO ORDERED**
1/16/09
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE