```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
PETER LINDNER,
                              Plaintiff,
                                                06 Civ. 03834(JGK)(THK)
          -against-

                                                ORDER
AMERICAN EXPRESS CORP. and QING LIN,

                              Defendants.
------------------------------------------:
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

The Court has considered Plaintiff's requests for additional discovery and an extension of the deadlines that have been set, as well as Defendants' opposition to those requests. It is hereby ORDERED:

1. Plaintiff's requests for a Rule 30(b)(6) deposition of American Express, and a deposition of Stephen Norman, the Corporate Secretary of American Express, are denied. The discovery deadline has passed and Plaintiff has failed to demonstrate a sufficient justification to extend the deadline in order to take those depositions.

2. Plaintiff's request to subject Defendant Lin to a Rule 35 examination is denied. Plaintiff has failed to demonstrate a sufficient justification for such an examination.

3. Plaintiff will be permitted to submit up to fifteen written deposition questions (without multiple parts) to Mr. Ash Gupta, inquiring about what measures he took to comply with the settlement agreement reached with Plaintiff in an earlier action, and any

COPIES MAILED
TO COUNSEL OF RECORD ON 2/20/09

instructions he provided to Mr. Lin about the requirements of the settlement agreement. Plaintiff's request for an in-person deposition is denied, as it is unnecessary and would be inefficient and unduly harassing.

4. Plaintiff will be permitted to submit up to ten written deposition questions (without multiple parts) to Mr. Parauda about what measures he took, if any, to instruct American Express employees about their obligations under the settlement agreement with Plaintiff. In addition, if Mr. Parauda has any written or electronic documents that conveyed his instructions, they shall be produced to Plaintiff.

5. Plaintiff shall be permitted to submit up to ten written deposition questions to American Express's IT representative regarding the measures he took to retrieve Mr. Parauda's e-mails to American Express employees about the settlement agreement with Plaintiff, and the outcome of those measures.

6. Plaintiff shall provide the written deposition questions to Defendants' counsel by no later than February 26, 2009. Responses to the interrogatories shall be provided by no later than March 4, 2009.

7. No additional discovery requests shall issue. The discovery deadline is being extended solely to allow for the production of the information described above.

8. Promptly upon completion of pretrial discovery, any party who intends to file a motion for summary judgment shall seek a pre-

motion conference with Judge Koeltl.

    So Ordered.

_____<br>
THEODORE H. KATZ<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 20, 2009
       New York, New York