```
                    MAR - 6 2009
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF NEW YORK
            US MAGISTRATE JUDGE
```

------------------------------------X

PETER W. LINDNER,

                Plaintiff,

-against-

AMERICAN EXPRESS CORPORATION and
QING LIN

                Defendants.

------------------------------------X

Dated: New York, NY  FRI, Mar 6, 2009
~~Thursday, March 05, 2009~~

                Via Fax: 212-805-7932

Honorable Magistrate Judge Katz

06 Civ. 3834 (JGK-THK)

**MOTION FOR REHEARING ON AN EXPEDITED BASIS, WITH STAY AND FULLY BRIEFED ORAL ARGUMENTS**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/09
```

Dear Judge Katz,

    I was alarmed at Your Honor's decision and order of March 5, 2009 which prohibits me (Plaintiff Lindner) from "any communications" with Amex. This effectively stops me from speaking at the April 2009 Amex Shareholder's Meeting, which was a previously attempted goal of Amex, which succeeded with Your Honor's assistance in 2007, and which USDJ Koeltl overturned as a non-existent agreement. Also, Your Honor's order of March 5 2009 stops me from talking to the other people in Amex which is needed to run for the Board of Directors.

    Two years ago, the alleged oral agreement of Amex in 2007 would have accomplished stopping me from running for the Amex Board in return for Amex giving me (Plaintiff Lindner) money. What the order requested by Amex now in March 2009 is a pretext to enforce some of the key terms of the alleged March 2007 oral agreement by fiat, and without even compensating me.

    In other words, Amex is using a backdoor approach to accomplish what they wanted to do in April 2007. And that is: stopping me (Plaintiff Lindner) from running for the Amex Board and speaking to the Amex Shareholders.

    Your Honor is also wrong that I spoke to Amex "under the guise of seeking a seat on the American Express Board of Directors." My run for the Board is not a pretext. I fully intend to run for this year's Amex Board of Directors. I note that I ran for Amex Board of Directors and had a shareholder's proposal in 2007, which Your Honor prematurely stopped at Amex's behest.

    I intended to speak to members of the Amex Nominating Committee last week, and awaited your decision before so doing (wisely in retrospect). However, The Court Order of March 5 2009 is an intolerable interference with my rights as an Amex

**MEMO ENDORSED**

COPIES MAILED
TO COUNSEL OF RECORD ON   3/9/09  [1]

shareholder by the Defendants, and which Your Honor graces with The Courts' approval. The shareholder proxies are going out, and I have to coordinate my getting on the ballot with Amex and the SEC, and this must be done weeks in advance of the April 2009 meeting, which Amex is fully aware of.

Moreover, there are 1st Amendment rights that Your Honor involved. This is an important matter. I have freedom of speech, guaranteed under the US Constitution's First Amendment. I can run for the Board of Directors, whether or not I am a shareholder. However, I am a shareholder of tens of thousands of dollars of stock. A better solution would be to postpone the trial during the period that I am running for the Board of Directors, and allow anything I say during that period to be protected, rather than encumbered.

Thus, I respectfully ask that Your Honor to stay or modify Your order and schedule immediate oral arguments on an expedited basis, and that they be fully briefed, including Memorandums of Law. In the interim, I request that Your Honor stay or nullify your order. The purpose is to allow me (Plaintiff Lindner) to run for the Board without fighting Your Honor, Ms. Park, as well as the competition for these rare seats on the Board. A better solution would be to suspend all actions for this trial during the period which I am running for the Amex Board of Directors, and specifically shield all my conversations with Amex Employees which are for that goal. That better solution I refer to would preserve the free speech rights I have, and also allow the trial to continue once I have made my stand, which was wrongly denied me two years ago.

I thank the Court for its kind consideration.

Respectfully submitted,

By: [signature]
Peter W. Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003

Home/ Fax: 212-979-9647
Cell: 917-207-4962

cc: Jean Park, Esq. via fax 212-808-7897

**MEMO ENDORSED**

3/6/2009

This case will not be suspended while Plaintiff attempts to secure a position on the Amex Board of Directors. The Court did not intend to prohibit Plaintiff from speaking at the shareholder meeting. Plaintiff is also not prohibited from communicating with the Nominating Committee of the Board of Directors. Plaintiff is advised however, this his claimed First Amendment rights do not trump his obligation as a litigant in this Court who is bound by Court orders.

So ordered.
3/9/09
Theodore H. Katz
USMJ