**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

PETER W. LINDNER,

        Plaintiff,

-against-

AMERICAN EXPRESS CORPORATION and
QING LIN

        Defendants.

------------------------------------X

Honorable Magistrate Judge Katz

06 Civ. 3834 (JGK-THK)

<u>MOTION TO COMPEL
DEPOSITION DUE TO
DEFENDANTS REFUSAL TO
OBEY COURT ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/09

Via fax: 212-805-7932

Tuesday, March 31, 2009

To the Honorable Magistrate Judge Katz:

    This is a motion to compel the Ash Gupta, John Parauda and the technician for the archival system to provide responsive answers to the Interrogatories which Your Honor by Order allowed me to ask of them, or in the alternative, to compel them to appear at depositions to be conducted by me. Since not only have they asked (at the last day) for several extensions (including a "final" one), which Your Honor has granted, but also Defendants did not meet that final deadline of yesterday, Monday, March 30, 2009, nor have they requested an extension, nor have they asked me as per Your Honor's Individual Rules as to whether I will consent to an extension.

    The answers they provided are not responsive to the questions which they were asked, in fact Ash Gupta only provided one answer to fifteen questions.

    Mr. Gupta did not answer whether he knew anything about Qing's actions and what did he do with that knowledge, giving as an objection that the question asked was not within the scope of the order. Here is what You "so ordered" on February 20th:

> 3. Plaintiff will be permitted to submit up to fifteen written deposition questions (without multiple parts) to Mr. Ash Gupta, inquiring about what measures he took to comply with the settlement agreement reached with Plaintiff in an earlier action, and any instructions he provided to Mr. Lin about the requirements of the settlement agreement. Plaintiff's request for an in-person deposition is denied, as it is unnecessary and would be inefficient and unduly harassing.

Here are the 3 questions I (Plaintiff Lindner) asked:

1

1. "Do you agree that Qing Lin's conduct with regard to FJ concerning Peter Lindner violated the terms of the 2000 Settlement Agreement?
2. If your answer to Question No. [1] is in the affirmative, state with particularity what you have done with regard to your having such knowledge.
3. If your answer to Question No. [2] is in the negative, state with particularity the reasons why."

[questions renumbered for inclusion here]

Mr. Gupta gave no answer to any of those 3 questions.

I understand that Mr. Gupta is contemptuous of me.

I (Plaintiff Lindner) wish to remind the Court that in 2000, Ash Gupta defied a court order to appear for my deposition of him in my lawsuit against Amex, and then his lawyers agreed to settle on the spot rather than have me call the Judge to complain that Mr. Gupta was contemptuous of The Court's order.

Apparently, Mr. Gupta is again (in time) contemptuous of Your Honor's order to reply in a timely fashion, namely within six calendar days, and then again (in action) contemptuous of complying with Your Honor's order:

> 6. Plaintiff shall provide the written deposition questions to Defendants' counsel by no later than February 26, 2009. Responses to the interrogatories shall be provided by no later than March 4, 2009.

The Court was kindly to Mr. Gupta, both in terms of excusing him from appearing at a deposition, nor complying on time. However, it is too much to have Mr. Gupta refuse to give his knowledge of the incident that stemmed from Mr. Gupta's very involvement (Mr. Gupta signed the June 2000 Amex-Lindner contract, of which Qing Lin admitted to breaching Paragraph 13 of said contract, and Mr. Gupta allegedly instructed and directed Qing on the terms of the contract as per that contract, and Mr. Gupta was and remains Qing's direct manager, who under the Amex Code of Conduct is responsible for handling any possible question of ethics of his direct reports.)

Thus, I ask that Mr. Gupta be compelled to answer the 15 questions under penalty of contempt of court within 48 hours of receiving notice from Your Honor. Mr. Gupta has had a month to answer those 15 questions, and he still did not provide responsive answers. By way of example, I am attaching as an appendix my questions 1-6 to Mr. Gupta and his objections and responses thereto as an illustration of the non-responsive nature of his answers.

He should not now require additional time. I respectfully submit that Mr. Gupta be compelled to provide all responses in full within 48 hours, and that alternately Mr. Gupta be compelled to be deposed within 1 week from the Court's Order, at my schedule's convenience. And that Mr. Gupta be reminded, as you had reminded me in court in December 2008:

"You're not supposed to refuse to give information. The only bases for objecting to answering a question are if there's a privileged matter."

2

By: _____     Dated: March 31, 2009
    Peter W. Lindner
    Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003

Home/ Fax:   212-979-9647
Cell:          917-207-4962

cc: Jean Park, Esq. via fax 212-808-7897

**Appendix A:  Mr. Gupta's Answers to Questions 1-6**

(next 2 sheets)

> The Court has considered Plaintiff's motion to compel depositions and the production of documents, as well as Defendants' response.
> Plaintiff has provided no sound basis to require any further discovery production by Defendants. Nor will the Court require Defendants to produce a privilege log regarding all of their communications with their attorneys. Defendants' request for costs and fees is denied. All pretrial discovery in this action is complete.
> So ordered.
> 4/10/09
> Theodore H. Katz
> USMJ

**GUPTA QUESTION NO. 1:** Please state what documents you are referencing in particular to these questions.

**OBJECTIONS AND RESPONSES TO GUPTA QUESTION NO. 1:** Defendant objects to this Question No. 1 because it violates the express terms of the Order.

**GUPTA QUESTION NO. 2:** Have you any files that relate to this 2006 case, regardless of whether it is covered by Attorney Client Privilege or not.

**OBJECTIONS AND RESPONSES TO GUPTA QUESTION NO. 2:** Defendant objects to this Question No. 2 because it violates the express terms of the Order.

**GUPTA QUESTION NO. 3:** Identify and describe in detail any and all discussions you had concerning the 2000 Settlement Agreement with any American Express employee.

**OBJECTIONS AND RESPONSES TO GUPTA QUESTION NO. 3:** Defendant objects to this Question No. 3 because it violates the express terms of the Order. Defendant further objects to this question on the grounds that it is unduly vague, overbroad and purports to seek information wholly irrelevant to the claims and defenses at bar and/or information protected by the attorney-client privilege. Subject to the foregoing objections and without waiving same, Gupta responds to this Question No. 3 as follows:

> *I do recall the June 2000 Settlement Agreement itself and can confirm that I reviewed and signed the Agreement.*
>
> *I cannot recall any specific discussion I had with Qing Lin dating back to 2000 about the requirements of the June 2000 Settlement Agreement. However, this does not mean that I did not speak with Mr. Lin about these issues. Mr. Lin was reporting to me in or around June 2000 and he is referenced in the June 2000 Settlement Agreement. It would not have been unusual for me to inform Mr. Lin about the June 2000 Settlement Agreement and to advise him to not disclose any information about Mr. Lindner to anyone outside of the Company and to direct any inquiries about Mr. Lindner to Human Resources.*

NY01/PARKJE/1340441.1

**GUPTA QUESTION NO. 4:** Identify and describe in detail any writings you prepared, sent and/or received with regard to the 2000 Settlement Agreement with any American Express employee?

**OBJECTIONS AND RESPONSES TO GUPTA QUESTION NO. 4:** Defendant objects to this Question No. 4 because it violates the express terms of the Order. Defendant further objects to this question on the grounds that it is unduly vague, overbroad and purports to seek information wholly irrelevant to the claims and defenses at bar and/or information protected by the attorney-client privilege.

**GUPTA QUESTION NO. 5:** From 2000 to the date that you answer this question, describe in detail your responsibilities under the American Express code of conduct with regard to any Amex employee.

**OBJECTIONS AND RESPONSES TO GUPTA QUESTION NO. 5:** Defendant objects to this Question No. 5 because it violates the express terms of the Order. Defendant further objects to this question on the grounds that it is unduly vague and because it purports to seek information wholly irrelevant to the claims and defenses at bar.

**GUPTA QUESTION NO. 6:** From 2000 to the date that you answer this question, describe in detail your responsibilities under the American Express code of conduct with regard to Qing Lin.

**OBJECTIONS AND RESPONSES TO GUPTA QUESTION NO. 6:** Defendant objects to this Question No. 6 because it violates the express terms of the Order. Defendant further objects to this question on the grounds that it is unduly vague and because it purports to seek information wholly irrelevant to the claims and defenses at bar.

**GUPTA QUESTION NO. 7:** Do you agree that Qing Lin's conduct with regard to FJ concerning Peter Lindner violated the terms of the 2000 Settlement Agreement?

**OBJECTIONS AND RESPONSES TO GUPTA QUESTION NO. 7:** Defendant objects to this Question No. 7 because it violates the express terms of the Order. Defendant

NY01-PARKJF-1340441 1

5