# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NEW YORK 10178**

WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

(212) 808-7800

FACSIMILE
(212) 808-7897
www.kelleydrye.com

JEAN Y. PARK
DIRECT LINE: (212) 808-5019
EMAIL: jpark@kelleydrye.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/09

RECEIVED APR 0 9 2009 CHAMBERS OF JOHN G. KOELTL U.S.D.J.

April 9, 2009

**VIA FACSIMILE (212) 805-7912**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: Peter W. Lindner v. American Express Corporation & Qing Lin
     Civil Action No. 06-3834 (JGK) (THK)

Dear Judge Koeltl:

At the instructions of your clerk, Anthony Fletcher, I write for clarification concerning Your Honor's Order for the parties to appear for conference on April 14, 2009 ("April 9th Order").

The first question covers who must attend. The April 9th Order was faxed to Omer Salik, Esq. Mr. Salik is not a party nor does he represent any party. Rather, Mr. Salik was engaged to represent non-party witnesses, Boaz Salik and Trevor Barran of Fischer Jordan LLC, in responding to document requests and submitting sworn declarations in lieu of deposition. Mr. Salik has no other involvement in this case and is not involved in any pending discovery issue. There is no reason for his presence at this conference and we ask that Mr. Salik be excused. Mr. Fletcher informed me that he could not explain why the April 9th Order was faxed to Mr. Salik.

The second question covers what matters the Court would like to address. We understand from Mr. Fletcher that the Court wishes to address plaintiff's "Order to Show Cause for a Preliminary Injunction with Temporary Restraints Against Defendants." This Order to Show Cause is unrelated to any claims or defenses in this employment based action. Instead, it relates to Mr. Lindner's ongoing efforts to run for American Express' Board of Directors and to introduce a shareholder proposal to revise American Express' Code of Conduct. In contrast, the issues in this action are whether Defendants violated the terms of plaintiff's June 2000 Settlement

*[Handwritten annotation:]* The purpose of the Conference was to consider the Order to Show Cause for a Preliminary Injunction with Temporary Restraint that was filed in this action. The Court schedules a Conference so that it can consider the request for an Order to Show Cause. It appears that notice to Mr. Salik was unnecessary and in error. The Court would reschedule any response to the Order to Show Cause at this hearing and consider the application for a temporary restraint. So ordered.

JGK 4/9/09

NY01/PARKJE/1346773.1

**KELLEY DRYE & WARREN LLP**

The Honorable John G. Koeltl
April 9, 2009
Page Two

Agreement, tortiously interfered with plaintiff's efforts to secure alternate employment with Fischer Jordan LLC, and did so out of retaliatory animus in violation of Title VII.

I have not been involved in representing the Company in connection with Mr. Lindner's shareholder activities. I have only been called upon to intervene when Mr. Lindner has attempted to communicate directly with American Express about his claims in this lawsuit under the guise of pursuing shareholder activities. To that end, we have secured several orders from Magistrate Judge Katz clarifying the permissible parameters of Mr. Lindner's shareholder communications with the Company.

If the Court wishes American Express to respond to the substance of plaintiff's Order to Show Cause, I will need to secure the attendance of American Express' securities counsel as I am not familiar with these issues on the subject matter beyond a rudimentary level.

With respect to matters actually pertaining to this action, there are two (2) motions to compel filed by plaintiff to which Defendants have responded. Both motions are currently pending before Magistrate Judge Katz. We are not aware of any other pending matters, including any further appeals by plaintiff of discovery orders issued by Magistrate Katz. Mr. Lindner, however, has stated that he intends to appeal a March 26, 2009 discovery order issued by Magistrate Katz. I do not know whether Mr. Lindner has done so. Given his pro se status and prior history of submitting ex parte applications with Your Honor, we simply ask for the Court's confirmation that there are no pending applications (other than the Order to Show Cause) which the Court expects Defendants to address on April 14th.

We thank the Court for its assistance.

Respectfully submitted,

Jean Y. Park

cc: Peter Lindner (via e-mail)