```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X
PETER W. LINDNER,

              Plaintiff,   06 Civ. 3834 (JGK-THK)

   -against-   LETTER TO CLARIFICATION
                                 AND URGENCY ON THE
AMERICAN EXPRESS CORPORATION and   RELEASE OF DOCUMENTS
QING LIN

             Defendants.
---------------------------------------X

Via Fax: 212-805-7932
Wednesday, April 15, 2009

Dear Magistrate Judge Katz,

    USDJ Koeltl in court yesterday (Tuesday, April 14, 2009, 10am-noon) said I should ask you about permission to get documents released so I can prove my case to the SEC (Securities and Exchange Commission).

    Thus, I specifically wish to have removed from confidentiality

1. the Exhibit DEF00370 – handwritten note by Jason Brown, Esq. which contents he revealed to me (Plaintiff Lindner) during a face-to-face meeting at Amex Headquarters on February 28, 2008
2. The Deposition of Qing Lin on January 15, 2009 in transcript, audio and video formats
3. The Deposition of Jason Brown on January 22, 2009 in transcript, audio and video formats
4. The Interrogatories and replies of all 3 people: Ash Gupta, John Parauda, and the Amex IT person
5. The Interrogatories and replies of Amex of over a year ago.
6. Portions of the transcripts and videos of Amex's depositions of me (Plaintiff Lindner) which show that Amex asked embarrassing questions of a personal and sometimes sexual nature which had nothing to do with Qing's breach of the June 2000 Amex-Lindner contract. These documents should not have had the questions asked, let alone have Amex require my answers and tape some of them.

    Amex is playing a stalling game, and even tried to stop my Order to Show Cause by scheduling it **after** the 2009 Amex Annual Meeting. Luckily for me, USDJ Koeltl caught that and said that he is not scheduling a hearing after the Annual Meeting so that my motion would become moot. If Your Honor recalls, in 2007 Amex got you to hold me to a non-existent oral contract, which they refused to write down, and which you agreed since I did not want to abide by the contract, even though the contract had a 21 day period to show to a lawyer, and 7 days after signing it to revoke it.

    Similarly, Amex tried to stop me from speaking at the Amex Annual 2009 Meeting, which is an SEC requirement for presenting a Shareholder Proposal ("Proposal") and which

triggers a provision stopping me from presenting another proposal for 2 years.[1] This was despite my prior authorization from Secretary of the Corporation Stephen Norman that I could attend the meeting as any other shareholder.

Moreover, as I indicated in my motion, Amex has breached confidentiality by placing on Pacer Document 152 Filed 04/07/2009 (perhaps against SDNY rules and the agreements between Lindner and Amex) of the two depositions in their letter/motion to you, which had excerpts of both depositions by the page, and the entire Interrogatory of Ash Gupta.

I note that Your Honor has given me permission to communicate to the SEC without restriction[2], and also that (perhaps I had not indicated that previously), the SEC specifically wants to have the factual basis[3] for my statements that Amex breached the June 2000 Amex-Lindner contract and did not follow up as per the Amex Code of Conduct, which Amex filed with the SEC repeatedly over the period 1998 through 2009. Moreover, my SEC filing incorporates the website:

www.AmexTruth.com

on which I wish to have the excerpts of the video which show that Qing admitted to breaching the agreement and Jason Brown testified as to the words Qing said to Mr. Brown during his second investigation on or about February 2006. It took two years for me to get the Amex handwritten note DEF00370 which corroborates what Mr. Brown, Esq. told me in my meeting of February 2006 and which he refused to a "memorialization of our conversation" – something which could have obviated this entire court case had Mr. Brown released it some three years ago.

I also note that the SEC has not replied to this year's (Mar 31, 2009) proxy filing by the 10 day deadline, but have verbally assured me in the past two weeks that the comments from 2007 (in Appendix A) will form the basis for this year's review. Moreover, in the interim years, the SEC has updated their filing requirements for ease of reference to the web, including posting on such sites as (e.g.) www.MySpace.com or www.FaceBook.com, both of which allow documents in jpg format as well as audio and videos. It will take time for me to edit the videos to a half-minute or minute length. Amex is seeking to influence public opinion (or alternatively, quash the Shareholders' right to know, as well as the public's and the Board of Director's, as evidenced by Ms. Park's censorship of my letter to the Board by eliminating the first paragraph and refusing to redact it with black lines or admit to doing so in the letter). I seek the right to communicate with the SEC and the public and the shareholders freely, as Amex has seen fit to do.

---

[1] This is from what Amex calls the "Adopting Release" in its objections to including my shareholder proposal in the Amex proxy. The quote is:

> "(h) Question 8: Must I appear personally at the shareholders' meeting to present the proposal? [*99]
> [...]
> (3) If you or your qualified representative fail to appear and present the proposal, without good cause, the company will be permitted to exclude all of your proposals from its proxy materials for any meetings held in the following two calendar years."
> SEC, Release Nos. 34-40018, IC-23200; May 21, 1998; 17 CFR Part 240; RIN 3235-AH20, 1998 SEC Lexis 1001

[2] Your order on Pacer as Document 143 Filed 03/23/2009.

[3] Questions 4, 5, 6, 13, 16 and 21 from SEC in Appendix A.

I note that Amex has publicly denied that Amex gave a "negative" reference, even though paragraph 13 of the June 2000 Amex-Lindner contract specifies "any information" and never mentions the word "negative." This is essential for the Amex 2009 Annual Meeting on April 27, 2009 (less than 2 weeks from now), since the SEC appears to have indicated that had they known that my Amex Shareholder Proposal was with regard to "discrimination,"[4] as well as being a "significant social policy", they may well have ruled that the Proposal was not "ordinary business", which was the SEC reason for issuing a NAL (No-Action Letter) allowing Amex to exclude my Proposal from the 2009 Annual Proxy.

For all these reasons, including Amex's prior violation of confidentiality and misleading statements to the SEC about my statements having no factual basis, I respectfully request that Your Honor release expeditiously these few documents and media, whose alleged confidentiality serves neither Amex nor The Court nor the Public in restoring justice and truth to SEC filings and to the discourse of the public with Corporations.

Respectfully submitted,

**MEMO ENDORSED**

By: _____
    Peter W. Lindner
    Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003

Home/ Fax:  212-979-9647
Cell:             917-207-4962

cc: Jean Park, Esq. via fax

Dated: April 15, 2009

*[Handwritten endorsement by Judge:]* Plaintiff may submit to the SEC the materials set forth in Items 1-3 of his "Letter To Clarification", with the exception of audio and videotapes. The taping was done under a Court Order which was intended to protect American Express from Plaintiff's using the discovery process for purposes of harassment. Transcripts of the depositions are fully adequate to serve Plaintiff's interests in communicating with the SEC.

4/20/09

**SO ORDERED**

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

**MEMO ENDORSED**

---

[4] The quoted terms to "discrimination" and "significant social policy" are requirements for including/excluding shareholder proposals, and Amex references this previously mentioned document to the SEC in December 2008 aka the "Adopting Release."

3