*Law Offices of*
*Albert Adam Breud, P.L.L.C.*

RECEIVED

*856 Veterans Memorial Highway*
*Suite 8N*
*Commack, New York 11725*

*Telephone:*
*Facsimile: (001) 943-2888*
*Breudlaw@optonline.net*

*Managing Member*
*Albert Adam Breud, II*

*Of Counsel*
*Jonathan Edward Kirchner*

**Via Facsimile Transmission**
**(212) 805-7932**

September 25, 2009

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/09

Hon. Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   Lindner v. AMEX and Lin
      06-cv-3834 (JGK)(THK)

Dear Judge Katz:

This correspondence is respectfully submitted pursuant to Local Civil Rule 1.4 and Rules 1A and
C and 3 of Your Honor's Individual Rules to request leave of the Court to be relieved as Plaintiff
Peter W. Lindner's ("Plaintiff" and/or "Lindner") counsel of record in regard to the above-
referenced matter. The basis for this application is a complete breakdown of the attorney-client
relationship and Plaintiff's apparent belief that I am not capable of zealously representing him in
the pending litigation.

Earlier today, after several contentious telephone conversations with the Plaintiff over the past
ten or so days, I telephoned Mr. Lindner to determine whether he and I had a viable attorney-
client relationship. I asked Mr. Lindner whether we had a viable attorney-client relationship and
he replied "I don't know."

During the telephone call Mr. Lindner made several statements which demonstrate an absence of
trust between Plaintiff and his counsel and, therefore, a complete breakdown of the attorney-
client relationship. Those statements include without limitation, that he "didn't trust [me]" and
that he "had trusted [me] but that [I] forfeited that trust by messing up." Later, during the
conversation, Mr. Lindner asked whether I worked for him or Defendant American Express
("Defendant") and stated that my actions during the course of the representation were as if

"AMEX said we'll pay you $50,000.00 if you drop this case." Plaintiff's last statement clearly indicated his belief that I was somehow "bribed" by Defendant and, therefore, not capable of zealously representing him and his interests in the pending litigation. At the conclusion of the telephone call I advised Plaintiff that this instant application to be relieved as counsel would follow.

As such, it is respectfully requested that the Court issue an Order relieving the undersigned as counsel to the Plaintiff.

Respectfully submitted,

Albert Adam Breud, II (AB 2355)
AAB/idi
cc:    Jean Young Park, Esq. (*Via facsimile transmission* (212) 808-7897))
       *Attorney for Defendants*

       Peter W. Lindner (*Via facsimile transmission* (212) 979-9647))

*Having held a hearing on Plaintiff's Counsel's motion, the motion is denied without prejudice to renew should Plaintiff's conduct prevent counsel from representing him in a professional and ethical manner.*

10/15/09  **SO ORDERED**

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE