# Law Offices of
# Albert Adam Breud, P.L.L.C.

356 Veterans Memorial Highway  
Suite 3  
Commack, New York 11725

Telephone: (631) 543-3030  
Facsimile: (631) 543-2888  
Breudlaw@optonline.net

Managing Member  
Albert Adam Breud, II

Of Counsel  
Jonathan Edward Kirchner

**Via Facsimile Transmission**  
**(212) 805-7932**

February 5, 2010

Hon. Theodore H. Katz  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street  
New York, New York 10007-1312





Re:   Lindner v. AMEX and Lin  
      06-cv-3834 (JGK)(THK)

Dear Judge Katz:

This correspondence is respectfully submitted in opposition to Defendants' letter motion dated February 1, 2010 to sanction Plaintiff for his alleged violation of Court orders which banned him from communicating directly with American Express about Plaintiff's claims in the above-referenced matter.

Mr. Lindner, through a consulting firm, had an interview with American Express employee Steven Wen. The interview went exceptionally well but during it Mr. Wen asked Mr. Lindner about the circumstances concerning the termination of Mr. Lindner's employment at Time Warner Cable ("TWC").

Responding to Mr. Wen's inquiry, Mr. Lindner disclosed that he had exceeded the allotted number of absences at TWC due to his many appearances in Court in the instant matter. He did not discuss the pending case with Mr. Wen for any reason other than to honestly answer the question posed.

Subsequently, Mr. Lindner learned that he was not hired for the consulting job at American Express. He attributed the refusal to hire him to a new, separate retaliatory action in violation of Title VII of the Civil Rights Act of 1964 and wrote to American Express's Executive Vice President and General Counsel, Ms. Louise M. Parent, to remedy the situation, out-of-court and prior to the commencement of a new action.

Hon. Theodore H. Katz
February 5, 2010
Page Two of Two

Mr. Lindner's letter, attached to Ms. Park's February 1, 2010 letter of behalf of American Express, clearly demonstrates that Mr. Lindner discussed only so much of his claims in the pending lawsuit to give Ms. Parent notice of his allegations in an attempt to resolve the new retaliation claim emanating from the refusal to hire him for the consulting position. The only reference to the current litigation in the letter to Ms. Parent is "I was in court for my suit *Lindner v American Express & Qing Lin*, 06cv3834, where Qing admitted breaching an out-of-court settlement on sexual harassment."

Mr. Lindner's communication with American Express employees was reasonable under the circumstances and dismissal of his complaint as a sanction would be unduly harsh and unwarranted. The communication about the pending claims with Mr. Wen was an honest response to Mr. Wen's inquiry and the communication with Ms. Parent was an attempt to rectify a new, separate retaliatory action committed against Mr. Lindner by American Express.

Unfortunately, Defendants chose to use judicial resources when they filed the February 1, 2010 letter motion seeking sanctions without first contacting the undersigned for discussion and explanation of Mr. Lindner's communications with Defendants' employees. Therefore, it is respectfully submitted that Defendants' letter motion seeking sanctions against Mr. Lindner be denied in its entirety and that Defendants be admonished as deemed appropriate by the Court for failing to contact the undersigned to discuss this matter prior to seeking judicial relief.

Respectfully submitted,

**MEMO ENDORSED**

Albert Adam Breud, II (AB2355)
AAB/idi
cc:   Jean Young Park, Esq. (*Via facsimile transmission* (212) 808-7897))
      *Attorney for Defendants*

      Peter W. Lindner (*Via facsimile transmission* (212) 979-9647))

Insofar as Mr. Lindner's communications were made in the context of his seeking employment, and his communications were not made in order to secure information or American Express action with respect to this litigation, the Court will not exercise its discretion to sanction Mr. Lindner, particularly with the harsh sanction of dismissal. Mr. Lindner is warned, however, that all further direct communications with American Express personnel, that relates to this action, must cease.

2/8/10
So ordered.
Theodore H. Katz
USMJ