UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

---------------------------------------X
PETER W. LINDNER,
                    Plaintiff,

     -against-

AMERICAN EXPRESS CORPORATION and others
**not including Qing Lin**
                  Defendants.
---------------------------------------X

Honorable Magistrate Judge Katz

Perhaps: 06 Civ. 3834 (JGK-THK)

<u>REQUEST TO FOLLOW FRCP 65(b) AND NOTIFY ADVERSARY OF TRO AND OSC</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 2/25/10

Wednesday, February 24, 2010
Via Fax: 212-805-7932

To the Honorable Magistrate Judge Katz:

    I wish to file an OSC (Order to Show Cause) and a TRO (Temporary Restraining Order) along with a Complaint in SDNY to prevent Amex from filing their yearly Shareholder proxy without my Shareholder Proposal and my nomination for director. According to the Pro Se Office's packet on filing[1], it cites FRCP 65(b) in their own words that "certifies in writing any efforts made to give notice"[2] to the "adversary of the restraining order."[3]

    Previously USDJ Koeltl ordered that I should start a new complaint, since no hybrid representations[4] are allowed. This new complaint will **not** include Qing Lin, and will be for Securities and Exchange Commission (SEC) actions compelling Amex to include my Shareholder Proposal on the April 2010 proxy, as I tried last year in April 2009 and was told by USDJ Koeltl to again apply in January 2010.

    I do not wish to have Your Honor in any way think that I am trying to circumvent Your Honor's ruling #202 of February 8, 2010 which stated:

> *Mr. Lindner is warned, however, that all further direct communications with American Express personnel, that relates to this action, must cease.*
> *2/8/10  So ordered. [signature]*
> *Theodore H. Katz*
> *USMJ*

    Thus, with an abundance of caution, I hereby ask if Your Honor will grant me leave to file this notification to Amex, which I attach my preliminary draft (subject to modification, as it may have contained procedural errors) as Appendix 1. I remind Your Honor that last year Ms. Park tried a week or so before the April 2009 meeting to censor my comments, which Your Honor ruled March 23, 2009 Pacer #143 there would be no prior restraint of speech.

---

[1] "Instructions for Preparing an Order to Show Cause," by J. Michael McMahon, 7 pages, not numbered, no form number.

[2] FRCP 65(b), http://www.law.cornell.edu/rules/frcp/Rule65.htm

[3] Op cit, p. 2 of 7.

[4] Page 1 of Number 199 Filed Jan 11 2010: not allowing me to represent self on SEC as hybrid

1

*I also note that discovery is over for case 06cv3834 Lindner v Amex and Qing Lin,* and thus it serves no useful purpose to shield Amex personnel at any level from knowledge that is freely[5] available on the internet, Pacer and SEC filings. Thus, I humbly ask that these restrictions be removed in the interest of justice and free speech. The restrictions have to do with me mentioning my EEOC case where Amex's Qing Lin has already admitted under oath in January 2009 a breach of the contract (the June 2000 Amex-Lindner Contract). I also note that CEO Ken Chenault was questioned by me about the Amex Code of Conduct at the April 2009, and as such, the SEC's rules dictate that full disclosure be made by him including honest assessments. Mr. Chenault perhaps prevaricated by saying that Amex Code of Conduct is working fine (Amex has not released the transcript, and I cannot obtain it), when in fact, Mr. Qing Lin was fired (or resigned) some two weeks after for a competitor. Had Qing stayed on at Amex with his mentor / direct manager of 15 years Ash Gupta, President of Banking, for a half year longer, Qing would have gotten the biggest bonus of the past 10 years – so clearly Qing did not leave of his own accord. This means to me that CEO Chenault possibly violated Securities and Exchange Commission rules on this matter, which I should also be able to get a transcript and answers without my adversary Jean Park trying to stop me on this separate issue.

I filed on or about January 23, 2010, and now have to file again, perhaps February 25, 2010. SEC rules dictate that Amex needs sufficient time to act (e.g. a freeze is on 5 weeks before the April 2010 Shareholder meeting), and Amex has already tried to stop my Shareholder Proposal with the SEC.

Humbly submitted,

By: *[signature]*                                          Dated: February 24, 2010

Peter W. Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:              917-207-4962

**MEMO ENDORSED**

cc:   Jean Park, Esq. via Al Breud, Esq. as to his discretion as an Officer of the Court
       Al Breud, Esq. via email and/or fax

**Appendix 1: Preliminary Draft of TRO / OSC**
(attached as 4 pages, dated February 11, 2010)

*[handwritten]: This Court's Order relates to communications about the instant litigation, and does not relate to a separate action about a shareholder proposal, as to which Plaintiff may need to communicate with Amex's counsel.*

---

[5] I note that the US Department of Defense has under President Bush some 4 years ago in February 21, 2006 removed "secret" classifications on documents that are publicly available, "including some already published by the State Department":

"U.S. Reclassifies Many Documents in Secret Review
By Scott Shane
WASHINGTON, Feb. 20 [also: 2/21/2006] — In a seven-year-old secret program at the National Archives, intelligence agencies have been removing from public access thousands of historical documents that were available for years, including some already published by the State Department …."

http://rfrost.people.si.umich.edu//courses/SI110/readings/ARM/Reclassifying%20Opened%20Archives.pdf

2/24/10   **SO ORDERED**

*[signature]*
**THEODORE H. KATZ**
**UNITED STATES MAGISTRATE JUDGE**

2