UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PETER W. LINDNER,

           Plaintiff,

    -against-

AMERICAN EXPRESS CORP., QUIG LIN

           Defendants.
------------------------------------X

06 Civ. 3834 (JGK)(THK)

**Order**

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

    By letter dated February 25, 2010, Plaintiff's attorney, Albert Adam Breud, seeks to withdraw from his continued representation of Plaintiff Peter W. Lindner, contending that "Mr. Lindner's behavior and statements . . . are inhibiting [his] ability to represent him in a profound manner and [have] caused a complete breakdown of the attorney-client relationship."[1]

    Although disagreeing with Mr. Breud's characterization of Plaintiff's behavior, by letter dated March 11, 2010, Plaintiff takes issue with the representation he has received from Mr. Breud and indicates that he is "close to getting a new lawyer."

    Under these circumstances, the Court finds it appropriate to relieve Mr. Breud from continuing to represent Plaintiff. The irreconcilable differences between Mr. Breud and Mr. Lindner prevent Mr. Breud from representing Plaintiff in a manner that is consistent with his professional and ethical obligations. See

---

[1] Mr. Breud made a prior application to be relieved, which the Court denied.

D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc., No. 03 Civ. 3038 (RMB), 2006 WL 1676485, *1 (S.D.N.Y. June 16, 2006) ("it is clear that the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client") (quoting Hallmark Capital Corp. v. Red Rose Collection, Inc., No. 96 Civ.2839 (RPP) (AJP), 1997 WL 661146, *2 (S.D.N.Y. Oct. 21, 1997)).

Plaintiff is therefore back to proceeding pro se in this action, unless and until he retains other counsel.

So Ordered.

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: March 12, 2010
       New York, New York