PETER W. LINDNER
1 Irving Place, #G-23-C
New York, New York 10003
telephone: 212-979-9647
facsimile: 212-979-9647
cell: 917-207-4962
email: nyc10003@nyc.rr.com
Plaintiff *Pro Se*

MEMO ENDORSED

RECEIVED APR 1 6 2010 CHAMBERS OF THEODORE [...] US MAGISTRATE JUDGE

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC # DATE FILED 4/16/10

06Civ3834(JGK)(THK)

Friday, April 16, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X
PETER W. LINDNER,
             Plaintiff,

    -against-
AMERICAN EXPRESS COMPANY,
Defendant.
------------------------------X

2010 Civ. _____(_____)

CIVIL ACTION

(note: case is either[1]
- 2010 cv 2267 Lindner v Amex
- 2006 cv 3834 Lindner v Amex & Qing Lin or
- _____ US Court of Appeals for the Second Circuit which may assign a docket number on 4/15 or 4/16/2010

To The Honorable Magistrate Judge Katz,

   I wish to request a ruling since **American Express has not opposed my motion to unseal the documents** which I contend prove that they (Amex) had intent to deceive the Court in April 2009, as well as dramatically show that in 2005 Qing did knowingly breach ¶12 and ¶13 of the June 2000 Amex-Lindner Contract, and that Jason Brown, Esq. did have that knowledge in February 2006 of Qing's breach, which I pointed out to Mr. Brown in person and via email, which Mr. Brown denied in violation of the Amex Code of Conduct, which Amex filed with the Securities and Exchange Commission (SEC) for over a decade.

   I enclose a copy of my email sent to Your Honor and to Mr. Joe Sacca, Esq. representing Amex of Mon 4/5/2010 8:43 AM, which Amex has clearly decided not to oppose in the week and a half since they received it, and less than a week and a half before the Amex Monday April 26, 2010 Annual Shareholder's Meeting. Your Honor's own rules make it clear that Amex had 3 days with which to respond, and then I would have 5 days to

---

[1] The confusion is because as I understand it (and I Plaintiff Lindner do not have the April 2, 2010 Court Transcript), His Honor USDJ Stein ruled that I must on my own request Your Honor to release the tapes and secrecy binds, and then USDJ Stein also ended the case, which I appealed to the US Court of Appeals for the Second Circuit the same day. The SDNY Pro Se Office and USDJ Stein's deputy Ms. Blakely informed me on Thursday, April 15, that my case had the wrong "heading" since 10cv2267 was closed, even though I was ordered, as I understand it in that open court orders are binding upon the litigants, and I duly complied. Given that His Honor USDJ Stein approved my In Forma Pauperis request (Pacer # 15 of Apr 6 2010) for said appeal, and that the Pro Se Office of the US Court of Appeals for the Second Circuit informed me also on Thursday that they would try to get me a docket number the same day, which would have been yesterday 4/15/2010, this case could be under any of 3 docket numbers. I have also written the SEC on Thu 4/15/2010 7:29 AM for permission to reference the video tapes on YouTube (or a similar site) so that the Amex Shareholders will be able to evaluate Amex CEO Ken Chenault's explanations come the April 26, 2010, so that I can file those papers, transcripts and video as an update to my May 2009 filing. In other words, Your Honor, I am waiting anxiously for your decision, which if Your Honor rules against me, I wish to have certified for an emergency hearing by the US Court of Appeals for the Second Circuit; and I imagine Amex is also anxiously waiting for Your Honor to delay answering until after the April 26, 2010 meeting, which my Order to Show Cause unsuccessfully tried to stop due to the possible chicanery of Amex in 2009, and maybe in 2010.

COPIES MAILED
TO COUNSEL OF RECORD ON  4/16/10

reply to that response, else "Failure to respond within these time frames will be construed as consent to the request."[2]

I presume that opposing my request will make it obvious to the casual observer that should Amex have opposed the request, then it would be the guilty party of a criminal misdemeanor asking forbearance from a judge to keep proof of their guilt secret, meanwhile being under looser restrictions from Your Honor that allows Amex to keep their videotapes of my depositions.

At the risk of antagonizing Your Honor, while I suspect that Your Honor does not much care about Amex having an intent to deceive the Court, since Your Honor can control them easily, I on the other hand am greatly upset that Amex violated a criminal statute[3] in order to gain an advantage in a mundane EEOC case, and perhaps did so knowing that as a multi-billion dollar company of 150 years in the USA, they could bend the rules. Less latitude was granted to me when Amex tried to stop me from attending the April 2009 Shareholder meeting by informing Your Honor that were I to attend, I would violate Your Honor's restrictions on speaking to Amex employees – to wit CEO Ken Chenault— about the *Lindner v Amex and Qing Lin* case 06cv3834. Thankfully Your Honor ruled on no prior restraint of speech for me as a Shareholder of Amex of some $40,000 worth of stock, which is a sizable sum for me, especially since I have been unemployed for the last 7 ½ months, and started working only last Monday, April 5, 2010.

Your Honor, there are not two sets of laws: one for the wealthy and one for the poor, and that the wealthy can evade the laws with hiring expensive law firms, and public relations companies. I spoke to Thomson reporters about the transcript of CEO Ken Chenault from April of 2009, and I requested it of Amex on the very day of the Shareholder meeting. That employee informed me that the transcript was **not** on the web, as Ms. Park had written me to get it myself, and in fact Ms. Park delivered that transcript some 9 months later, containing what I considered misleading statements which are a violation of SEC rules on Shareholder Proposals. May I remind Your Honor that Ms. Park was secure in her knowledge that my conversations to Amex were restricted, and that I had requested that document several times. Sometimes these actions take a secondary nature: if, for instance, that document were to contain evidence of a federal crime, and I wished to present them to a federal law enforcement officer or to a federal judge as evidence of a possible crime, it could well be that Ms. Park knowingly violated 18 USC §1512 (b)(3) on hindering information to said federal law enforcement officer or Judge. I recognize the gravity of these charges, and I did not then, and do not now, wish to go off half-cocked, only to find out that Ken's words were other than what I heard, and that I had slandered him and Amex.

## Parallels with Cover-ups of Nixon

In the Watergate events, Woodward and Bernstein tried to prove that Nixon was behind the Watergate burglary and was providing hush money. But Nixon waited until the two reporters made a minor slip, and then blasted them for insulting the White House. Similarly, I feel Amex is waiting for a minor slip, so to avoid facing the big issue: Qing breached the contract in Mar/Apr 2005, and covered it up for 4 years with the full knowledge of Amex's VP Jason Brown, Esq., and then had their two law firms (Skadden, Arps, Slate, Meagher

---

[2] "**1. Communications With Chambers**
   **A. Letters.** Copies of letters to chambers shall simultaneously be delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court. Responses to letter requests to the Court, including consent to the request, must be submitted within three (3) days of receipt of the request, except in pro se cases. Pro se parties shall have five (5) days to submit a response. Failure to respond within these time frames will be construed as consent to the request."
   [Individual Practices Of Magistrate Judge Theodore H. Katz, July 14, 2003]
   http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=16

[3] This is addressed in pages 9-10 of my motion to Your Honor entitled "Plaintff Request For Dvd And To Unseal Documents Re: Order To Show Cause" dated Friday, April 2, 2010 / Sunday, April 4, 2010.

2

& Flom LLP along with Kelley Drye & Warren LLP) lie to His Honor USDJ Koeltl in April 2009 claiming that Amex did not stop me from communicating with the SEC prior to 2009 when the documents I am seeking show that Amex not only tried to stop me but that Your Honor granted permission to stop me from filing with the SEC in April 2007, and in fact Amex enlisted Your Honor's able assistance to prevent me under pain of contempt of court from attending the April 2007 Amex Shareholder's meeting.

Now the proverbial ball is in Your Honor's Court. (pun intended) If the securities' laws mean anything, they mean that the basis for a market economy is that information be available to the owners of the companies, namely the Shareholders. By siding with Amex, Your Honor is aiding and abetting a miscarriage of justice, and perhaps covering up a criminal misdemeanor which I allege Amex's two law firms (and their own lawyers who sat in Judge Koeltl's courtroom on those two separate days) did knowingly commit, and perhaps shield CEO Ken Chenault, Esq. from, as Secretary of the Corporation Carol Schwartz, Esq. so ably put it, "negative" publicity.

Sometimes, Your Honor, negative publicity is a good thing when wrongdoing is asserted and moreover committed by Officers of the Court.

I humbly request Your Honor to immediately on this day, Friday, April 16, 2010 turn over all tapes, DVDs, transcripts, and remove all seals, restrictions and encumbrances upon me, and have Amex and their high-priced legal team face the music, where by music I mean the embrace of the Shareholder's knowledge of what their company is doing to its employees, and to The Honorable Courts in the Southern District of New York.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Plaintiff's application for permanent relief and custody of materials without restriction be granted.

Respectfully submitted,

PETER W. LINDNER
Pro Se Litigant
1 Irving Place, #G-23-C
NYC, NY 10003
Home/Fax: 212-979-9647
Cell: 917-207-4962
Email: nyc10003@nyc.rr.com

**MEMO ENDORSED**

cc: Joe Sacca, Esq.

*Plaintiff is represented by counsel in the action that was before this Court. Therefore, all communications with the Court should be through Counsel.*

4/16/10

**SO ORDERED**

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

3

**Appendix 1: Email to Mr. Sacca of Motion on releasing Plaintiff Lindner's DVDs, transcripts and other restrictions on communications to American Express originally requested by Amex, opposed by Lindner, and granted by Your Honor Magistrate Judge Katz**

**From:** Peter Lindner [mailto:nyc10003@nyc.rr.com]
**Sent:** Monday, April 05, 2010 8:43 AM
**To:** 'Sacca, Joseph N'
**Cc:** Matt Blit, Esq.; 'Russell S Moriarty'
**Subject:** 59 page document -- Asking MJ Katz to release restrictions on talking to Amex, on getting DVDs & transcripts

Gentlemen:

    Here's the revised full version with affidavit and memo of law for Magistrate Judge Katz, which I'm sending you first.

    I'm getting the one page notarized, otherwise I would have put in that too (it was closed on Easter).

    It'll be complete tonight, where I plan to drop it off to the SDNY Courthouse

Regards,
    Peter

Peter Lindner
1 Irving Place, #G-23-C
NYC, NY 10003
home/fax: 212-979-9647
cell:    917-207-4962

4