USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/20/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

PETER W. LINDNER,

          Plaintiff,

-against-

AMERICAN EXPRESS CORPORATION and
QING LIN

          Defendants.

------------------------------------------------X

THE HONORABLE USDJ GRIESA

06 Civ. 3834 (TPG)

MOTION TO REMOVE ONE OR MORE ORDERS FROM THIS CASE AND TO CERTIFY FOR APPEAL, AMONG OTHER REQUESTS

December 19-20, 2010
(written over a 10 day period)

STATE OF NEW YORK  )
                      : SS.:
COUNTY OF NEW YORK )

PETER LINDNER, being duly sworn, says: _before me appeared on this 20th Day of December, 2010._

CYNTHIA M. HARRIS
Notary Public, State of New York
No. 01HA6224506
Qualified in New York County
Commission Expires June 08, 2011

To the Honorable Judge Griesa,

I hereby make this motion to ask to rescind Your Honor's "So ORDERED" of both Document 253 Filed 12/08/10 and of Document 251 Filed 11/18/10. I also ask that Your Honor recognize the seriousness of my request at which tens or hundreds of thousands of dollars are at stake, and that I am not a lawyer, but am forced by the (I consider wrongful) termination of Levine & Blit to represent myself.

I also wish and hereby (again) request
1. to be certified for appeal, and to be
2. certified by Your Honor for IFP (In Forma Pauperis) as I have been unemployed for 7 months (which ended in April 2010)
3. that Your Honor give me an extension for filing
4. that the stipulation be removed from the document of Nov 4 & 5th,
5. that Your Honor move for reconsideration
6. that this case 06cv3834 be re-opened,
7. that the conduct of Mr. Blit in particular be examined with an eye toward wrongly not handing over documents to The Court, despite my asking him to do so, and despite his assurances on Nov. 18 in front of Mr. Pery Krinsky that he would do so.
8. That Mr. Blit refused to turn over to the Court (to the best of my knowledge) my sworn affidavit of Thu, Nov. 9, 2010 12:59:11pm, which at 4:40pm I ORDERED him to do by 5pm that day
9. That Ms. Park could corroborate that she and my attorney were communicating as my witness (a CI: Confidential Informant) said to me on that day, corroborating what I said as recorded[1] by the transcript, that Matt Blit instinctively, or with due deliberation, did lie under oath to Your Honor,

---

[1] It is in 0biQlinC.txt, TR 34, lines 17-18, and TR 43, lines 15 to TR 44, line 18. I only received the transcript on Thursday, December 16, 2010 9:42 AM via email.

1

whether or not Your Honor observed it, and whether or not it had an effect on Your Honor's decision.

10. I say that Mr. Blit's lie under oath was not an isolated instance, and one of those is also listed above.
11. That Your Honor determine under oath whether I did have an impairment, and whether this should be allowed to negate the contract that I signed under said impairment, as I believe precedence in this case by USDJ Koeltl and others (Readers Digest and Ciaramella previously cited), which Ms. Park and Matt deliberately or inadvertently took advantage of for gaining money and closure, despite my request not to accept the alleged oral agreement.

I have written[2] to Ms. Park to agree to rescind her signature, based upon many reasons, and she has not responded, and noteworthy that she has not objected to doing so (as of yet). Here's an excerpt of what I wrote:

> "The reasons are varied, but center on the fact that I have ADHD and take Ritalin to keep from being impaired mentally, and instructed Matt & Russell to limit my mediation session to 1 ½ to 2 hours both in writing and verbally on the way to the mediation when the 3 of us drove in Matt's car. I did not have a cell phone to make an alarm to remind me. I was clearly fatigued, and Matt tried to argue that I was lying and that I was making it up. This continued even after I informed Matt to speak to my psychiatrist to get his professional opinion. Matt also wrongly implied to USDJ Griesa that my ADHD and my going for 6 hours (from 2 to 8pm on Nov 4, 2010) without food/water/medicine was a lie."

A contract is often called for being valid when there is a "meeting of the minds." When, as I so swear, my mind was impaired, such a requirement under a century or more of law, would surely say that the alleged oral agreement of Nov 4, 2010 be struck aside, as I hereby request it to be made null and void.

I am the Plaintiff pro se in this action. I hereby request oral argument. And I now understand that your honor has made no ORDER, but rather has signed an alleged stipulation, which I seek to overturn. My father (hearsay, since I had not been born yet) made a stipulation in Nazi Germany after Kristallnacht that he voluntarily gave all his assets to the Nazi Party, and was allowed to migrate from Germany with his clothes on his back, a one-way ticket to the USA, and a 20 mark gold piece. He taught me that just because a stipulation is signed, it does not mean it was valid nor made under knowledgeable circumstances. I so allege that I was mentally impaired.

I inadvertently tested the Ritalin hypothesis on Thursday, December 9, 2010, when I forgot to take my Ritalin at noon, and at 6pm was too tired to **complete** a computer programming job in Excel, even though I was minutes from doing so. I was making multiple mistakes. I thought I had to write a brief that night for 10cv2228, and when I checked to take the Ritalin, I saw that the tablet from that day was still in the "Thu" [Thursday] section of the Sun-Sat 7-chambered box. I just wanted to go home and go to sleep, but I took the pill anyhow. I fell asleep as soon as I went home, and taking off my shoes, setting the iPhone alarm for 1 hour 20 minutes (it was set at that number for whatever reason), and took of my sneakers and fell asleep in minutes on the lounge recliner in the bedroom. I awoke, and am now still up, (Friday, December 10, 2010 at 1:47 am) even after taking sleeping pills.)

Please see and act upon the substance, rather than the letter of my filing of Dec 3-4, 2010 for the circumstance in detail; it begins:

---

[2] The letter was dated "Thursday, December 16, 2010 7:57 AM" and hand-delivered to KDW that morning.

2

### "PETER LINDNER, being duly sworn, says:
To the Honorable Judge Griesa,
1. I am the Plaintiff pro se in this action. I hereby request oral argument.
2. I make this affidavit on personal knowledge, and to the best of my knowledge as my main PC is broken with many of the files.

### 3. I ask for a re-hearing of Your Honor's Judgment of November 18, 2010, and also
a. for my case to be certified ..."

Your Honor, I am not a lawyer, and I regret that I specified a wrong statute or rule in my prior brief / motion. I ask that Your Honor please grant me some leeway in this momentous decision, which started when Qing Lin violated my out-of-court settlement in Mar/Apr2005, and denied it for 4 years. I feel **as if** I asked Your Honor to stop the lion from biting me, and Your Honor were to reply, that is a tiger, not a lion. The point is: I am seeking to right a wrong, and not being corrected when the sense that I am asking as a reasonable man would be to stop the wild animal from tearing at my flesh, or in my last brief, to stop the injustice of my lawyer teaming up with my adversary to force upon me a settlement which I did and do not want. This is compounded by Matt Blit's failure to live up to his agreement[3] to stop the mediation at 1.5-2 hours, which he did not even qualify, and that Matt did seek ways to stop from pulling out of the alleged oral agreement on Monday, November 8, 2010, when it could have been done without needing Your Honor's stipulation, and which Mr. Blit invoked many and varied reasons, some of which were false, but all of which were to support him from doing my bidding, and which I feel he was blinded by the money he'd receive despite his promise to me that he would go to trial, and depose the list of people I asked him to depose. Later, Mr. Blit said he would refuse to take those people to the Trial, since if I can break my agreement with Amex, he could break an agreement with me. That is so wrong, I don't know where to start, but let's say: I guess he believes 2 wrongs make a right, or that he would use whatever argument he could to attain his ends despite his obligation as a lawyer to continue to represent me until relieved by The Court. I humbly ask that my right to a trial be preserved, as the agreement between Amex and me was to have been voided, and is done despite the fact that I stand to gain tens or hundreds of thousands of dollars for sure, rather than take a knowing gamble on a full and open jury trial in SDNY.

By: _____ Dated: NY, NY on December 20, 2010
/s/ Peter W. Lindner, Plaintiff
1 Irving Place, Apt. G-23-C
New York, New York 10003

cc: Via email, fax &/or USPS
- The Honorable USDJ Griesa, US District Court SDNY
- Levine & Blit, Esq., representing themselves
- Jean Park, Esq. of KDW, representing American Express and also a witness
- Pery Krinsky, Esq. – witness and alleged ethics attorney to Levine & Blit
- ████████ – witness name redacted but known to the parties and to The Court
- Russell Moriarity, Esq. witness

---

[3] See Attachment A. I believe Matt has violated #1, 7 & 9 of the Statement of Client Rights from the NY Rules of Courts.

3

**Attachment A: Sections of Retainer from Attorney-Client Privileged document which Blit violated, allegedly**

I assert that Mr. Blit did not treat me with courtesy and consideration during the weeks between Nov 4, 2010 and the present (or when Your Honor allowed Levine & Blit to resign). They also did not do my specific demand on alerting me when the two hours was up to end the conference/mediation with Amex, nor did they honor my request to speak for me in front of Magistrate Judge Katz, nor to cite precedent when arguing against me. I did not wish to settle as per #7, yet he went ahead. Additionally, #9 was disobeyed when in front of his own ethics counselor, Matt promised to hand over the two documents (and previously I had asked for a third one to be handed to Your Honor), and Matt did not do so.

> 13. **Statement of Client Rights.** The New York Rules of Courts provides that you are entitled to: (1) be treated with courtesy and consideration, at all times by your lawyer and the other lawyers and personnel in your lawyer's office; (2) an attorney capable of handling your legal matter [...]
>
>> participate meaningfully in the development of your matter; (7) have your legitimate objectives respected by your attorney; including whether or not to settle your matter (court approval of a settlement is required in some matters); (8) privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law; (9) have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility; and, (10) you cannot be refused representation on the basis of race, creed, color,

Additionally, Matt may have had a conflict of interest in whether to succumb to Ms. Park's offer or to represent me faithfully:

> 15. **Conflicts Of Interest.** At present, we do not have any conflicts of interest in representing you. If a conflict should arise in the future, we will advise you immediately. Depending upon the nature of any such conflict, it may be necessary for us to obtain a waiver from you so that we may continue to represent you. Alternatively, we may be forced to withdraw from representing you if the conflict is of such character that it cannot be waived.

Moreover, Mr. Blit refused to give me the forms(see Attachment B) to handle any or all of these disputes, even as late as today, which is required as per ¶19. He also tried to limit the disputes to mere fees, if I understood him correctly, when the issues are much greater: that of stopping my quest for these matters to be made public upon a trial.

This is what Levine wrote me on Monday, December 13, 2010 12:49 PM:

> "1] Under Para. "19" of the aforementioned retainer agreement, you are absolutely entitled to submit any valid **fee dispute** you believe that you have with L&B, in which the dispute is for a sum between $1,000 and $50,000, to be arbitrated under the Part 137 fee dispute program. I believe that the rules governing that procedure limit the arbitration solely to disputes over fees. Other disputes must be pursued   elsewhere."

4

Here is that Paragraph 19:

19. **OBLIGATION TO SUBMIT DISPUTES TO BINDING ARBITRATION.** The Client and the Firm voluntarily consent to submit to binding arbitration of ANY AND ALL disputes, controversies, claims or demands (disputes) between the Firm (including its partners, associates or employees) and the Client. This arbitration clause covers any and all disputes arising out of, concerning, or related to the Firm's representation of the Client and/or the Firm's relationship with the Client including, but not limited to, claims for malpractice, conspiracy, fraud, breach of fiduciary duties, deceptive trade practices, breach of contract, etc. This arbitration clause is intended to be as broad as permitted by law and any dispute regarding the applicability of this clause is to be decided in arbitration.

The ONLY exception to the Client's obligation to arbitrate is that he/she retains the right to pursue fee disputes pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of New York (APart 137"). Arbitration under Part 137 shall be mandatory for an attorney if requested by the client for fee disputes between $1,000 and $50,000. Upon the Client's request, a copy of said rules will be provided to the Client; they are also available online at **www.courts.state.ny.us/fee.gov.** In the event client chooses to arbitrate pursuant to Part 137, the Firm and Client agree that such decision will be final and not subject to further review.

Except for a fee dispute to be held pursuant to Part 137, the arbitration will be held at the American Arbitration Association in New York City. All arbitrator fees and expenses shall be borne equally by the Client and the Firm.

Client is hereby advised that arbitration is different in many respects from litigation in court. There are advantages to arbitration, such as it is private and usually more efficient. But, there are also disadvantages. For example, in arbitration, the parties do not have the right to a trial by jury, nor do the parties have appellate rights. Additionally, discovery rights may be limited and an arbitrator will not be able to compel third-parties to participate in the arbitration or produce documents or witnesses. Also, arbitration is not a public proceeding. Furthermore, by agreeing to arbitration, you are knowingly and voluntarily waiving your right to participate in a class action against the Firm. Because of these and other differences, you should carefully consider whether arbitration is acceptable to you and you should consult with independent counsel prior to agreeing to this arbitration clause or the remainder of the terms in this Agreement.

6 of 7      Client Initials

The document ends:

24. **Original/Copies.** The parties agree that any scanned or reproduced copy of this signed Agreement will have the same force and effect as the original signed agreement. Therefore, for purposes of seeking enforcement of this Agreement, a scanned or reproduced copy will be treated the same as an original.

Dated: 2/5/10
New York, New York            Levine & Blit

Client's Signature            Street Address: 1 IRVING PL., #G23C            Home Phone & Fax: 212-979-9647

Client's Name (Print): PETER W. LINDNER            City / State / Zip Code: NY, NY 10003            Work Phone:

Primary E-mail Address: nyc10003@nyc.rr.com            Cell Phone: 917.207.4962

5

## Attachment B: Mr. Levine refuses to give me forms for filing a dispute

The less-than-helpful letter from Mr. Levine seems to underscore the contempt the firm has for me, and their lack of ethical clarity.  [type font from the original, via cut and paste]`

> **From:** Leslie J. Levine, Esq.
> **To:** Peter Lindner
> **Cc:** Matt Blit ; Russell Moriarty
> **Sent:** Monday, December 13, 2010 3:06 PM
> **Subject:** Re: Please give me the correct forms for Binding Arbitration as per paragraph 19 of our retainer of March 5, 2010
>
> Peter,
>
> You are obviously and intelligent and educated person; additionally, you have demonstrated that you have the ability to do legal research and use the internet.  That being true, you are certainly competent to go the the various websites, review the information provided therein, and make an intelligent and educated judgment as to what forum(s) in which you wish to pursue your supposed remedies.  I am certain that those websites contain forms, instructions and guidance; in fact, many persons less intelligent and educated than you have done just that.
>
> This is my final response to your inquiries and demands on these subjects.
>
> Les Levine
>
> On Mon, Dec 13, 2010 at 2:43 PM, Peter Lindner <nyc10003@nyc.rr.com> wrote:
> Mr. Levine:
>
> Thanks for your reply with the retainer.
>
> Please also send me the correct forms.
>
> Also, I am confused by your paragraph (below). What did you feel I violated of what you mentioned?  In my eyes I gave exactly that info to you; here's your paragraph :
>
> "I once again strongly request that you limit your communications with this law firm to filings and notices regarding matters pertaining to this firm, and refrain from transmitting accusations, threats and claims against this firm other than as set forth in this paragraph"
>
> Regards, Pete Lindner...
> Sent from my iPhone 917-207-4962

6

On Dec 13, 2010, at 12:49 PM, "Leslie J. Levine, Esq." <llevine@levineblit.com> wrote:

I once again strongly request that you limit your communications with this law firm to filings and notices regarding matters pertaining to this firm, and refrain from transmitting accusations, threats and claims against this firm other than as set forth in this paragraph

--
Leslie J. Levine, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X   THE HONORABLE USDJ GRIESA
PETER W. LINDNER,
                       Plaintiff,   06 Civ. 3834 (JGK)
     -against-
AMERICAN EXPRESS CORPORATION and   AFFIRMATION OF SERVICE
QING LIN
                     Defendants.
------------------------------------X

Date:  December 19, 2010

I, Peter W. Lindner, declare under penalty of perjury that I have served a copy of the "Motion To Remove One Or More Orders From This Case And To Certify For Appeal, Among Other Requests" with its related papers upon a) Jean Park  b) The Honorable USDJ Griesa
whose addresses are:

Ms. Jean Park, Esq.
Kelley Drye & Warren LLP
101 Park Ave.
NY, NY  10178-0002
Office: 212-808-7826
Fax:    212-808-7897

Honorable USDJ Griesa
 (and Pro Se Office)
US District Court SDNY
United States Courthouse
500 Pearl Street
New York, New York 10007-1312
USDJ Griesa Office   212-805-0210
Pro Se Office phone:  212-805-0175

by hand, email, fax (and/or USPS).
By: _____   Dated: December 20, 2010
    Peter W. Lindner                            New York, NY
    Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:    212-979-9647
Cell:              917-207-4962

> To the Pro Se Office:
> Please time stamp the extra original and send it back to me.
> Thanks,  Peter Lindner

Courtesy copies to: R.S.Ellenport, Esq.; Matt Blit, Esq; and Pery Krinsky, Esq.