UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
:
PETER W. LINDNER, :
:
                Plaintiff, : 06 Civ. 3834 (TPG)
:
    – against – : **OPINION**
:
AMERICAN EXPRESS CORP. and QING :
LIN, :
:
                Defendants. :
------------------------------------------x

      Plaintiff brings a *pro se* motion "to remove one or more orders from this case and to certify for appeal, among other requests." The plaintiff is essentially seeking to have this court reopen a case that plaintiff agreed to dismiss with prejudice; a stipulation that was "so ordered" by this court. The court therefore interprets plaintiff's motion as a motion for relief from a judgment or order, pursuant to Federal Rule of Civil Procedure 60(b).

      As the court reads plaintiff's motion, plaintiff contends that his agreement was induced by mistake as well as by fraud and misconduct. Plaintiff argues his agreement was a *mistake* because his mind was clouded due his failure to take his medication. Plaintiff also claims the agreement was the result of *fraud* and *misconduct* committed both by his counsel and opposing counsel, who plaintiff claims tricked him into signing an agreement after a long and tiring settlement conference.

After the case was reassigned to the undersigned judge, a hearing was held on November 18, 2010, to allow plaintiff to voice his objections to the settlement agreement that had been signed by plaintiff and to the stipulation of discontinuance signed by plaintiff's counsel.  Testimony was taken under oath.  At the conclusion of the hearing, the court found that plaintiff been represented with fairness and professional competence by his attorney, and that there were no circumstances that would justify voiding the settlement or the discontinuance of the case.  The court specifically found the plaintiff was fully competent and alert when he entered into the settlement and agreed to discontinue the case.  Furthermore, there was no evidence of fraud or misconduct by any party.

The present motion has no merit and is indeed an abuse of the processes of the court.  Nothing has been shown that would make the court depart from what it found and held at the aforesaid hearing.

The court would like to add the following to what was put on the record at the hearing.  If plaintiff refrained from taking his medication, or forgot to take his medication, that circumstance provides no reason for avoiding the settlement or the discontinuance.  If plaintiff needed to take medication, it was a matter solely within his power to do so or not.  If he needed to adjourn the settlement conference because of concern caused by lack of medication, that again was something within his power and providence to do, and he did not do so.  Instead, plaintiff completed the settlement conference and agreed to the settlement and to discontinuing

the case without giving the presiding magistrate judge, or defense counsel, or even his own counsel, any reason to believe that he was under some mental difficulty because of his failure to take his medication or for any other reason.  Under these circumstances, plaintiff must be held responsible for entering into the settlement agreement that ended the case.

      Plaintiff's motion is denied.

- 4 -

SO ORDERED.

Dated: New York, New York
       December 23, 2010

                                         Thomas P. Griesa
                                         U.S.D.J.