```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PETER LINDNER,

               Plaintiff,

   -against-

AMERICAN EXPRESS CORP., ET AL.,

              Defendants.
-----------------------------------------------------------X

**ORDER**

06 Civ. 3834 (TPG)

THOMAS P. GRIESA, United States District Judge:

On November 18, 2010, this employment discrimination case was dismissed with prejudice, pursuant to a stipulation between the parties. Since then, Plaintiff has filed two post-judgment motions seeking to reopen the matter on a number of grounds. The Court denied both applications. Plaintiff has now filed an "Affidavit for Injunctive Relief for Alleged Violation of Tampering With Witnesses by US Government Officials." Specifically, Plaintiff alleges that the government is "intercepting" his telephone calls and electronic messages. Plaintiff seeks to file this submission under seal.

## Order to Show Cause

The Court construes this application as having been filed by Order to Show Cause. To obtain injunctive relief, Plaintiff must show (1) he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. See Malkentzos v. DeBuono, 102 F. 3d 50, 54 (2d Cir. 1996). This matter was dismissed pursuant to a stipulation that was agreed upon by the parties and so ordered by the Court. It is now closed. The government was not a party to this action. Plaintiff has failed to demonstrate irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's Order to Show Cause is denied.

## Motion to Seal

Both the common law and the First Amendment protect the public's right of access to court documents. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Id. at 598-99. The Second Circuit has set forth a three-part analysis to determine whether documents relating to a lawsuit should be made available to the public. See Lugosch v. Pyramid Co. Of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the court must determine whether the documents are "judicial documents" to which the public has a presumptive right of access. Id. at 119. Second, the court must determine the weight of the presumption of access. Id. A party has the burden to overcome the presumption in favor of public access to the records of judicial proceedings. See United States v. Amodeo, 71 F.3d 1044, 1047 (2d Cir. 1995). Finally, "the court must 'balance competing considerations against it.'" Lugosch, 435 F.3d at 120. "[A] judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). The Court has reviewed this submission and finds that it does not contain any personal information or other confidential data about Plaintiff. Plaintiff has failed to make the requisite specific allegations of harm necessary to overcome the presumption of openness that attaches to judicial records. The motion to seal is, therefore, denied.

## Conclusion

Plaintiff's applications for injunctive relief and sealing are denied. No further filings will be accepted in this case except those directed to the United States Court of Appeals for the Second Circuit. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

*/s/ Thomas P. Griesa*
THOMAS P. GRIESA
United States District Judge

Dated: January 7, 2011
New York, New York