**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

PETER W. LINDNER,
              Plaintiff,

   -against-

AMERICAN EXPRESS CORPORATION and
QING LIN
             Defendants.

------------------------------------X

THE HONORABLE MJ KATZ

06 Civ. 3834 (TPG)(THK)

MOTION TO REMOVE ONE OR
MORE ORDERS FROM THIS CASE
AND TO RETURN PLAINTIFF'S
EVIDENCE

~~Thursday, January 06, 2011 8:11 AM~~
Friday, January 28, 2011 7:16 AM
Via Fax: 212-805-7932

STATE OF NEW YORK  )
                      : SS.:
COUNTY OF NEW YORK  )

PETER LINDNER, being duly sworn, says:

To the Honorable Magistrate Judge Katz,

*[Handwritten annotation: Motion denied. See Order dated April 20, 2009, which addressed the same request by Plaintiff.*

**SO ORDERED**
2/3/11
[signature]
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE]*

I have previously asked that the videotapes and transcripts of my depositions of both former Amex employee Qing Lin and current Amex in-house Counsel Jason Brown, Esq. be released to me, since the rationales of Ms. Park for not giving them to me have expired. I thought I may have asked Your Honor on Jan 6 2011, but I may be mistaken, and in any event, there is no such record on PACER. I note that even if 06cv3834 is "over"[1] (I intend to appeal it), Your Honor's ORDER(s) on keeping my videos under seal must I believe be removed via Your Honor, with an abundance of caution and respect on my part.

I paid for both of those sets of video/audio/transcript records of those two deponents, one of whom is a named defendant in this case. I assert that this is relevant to my Shareholder Proposal to the SEC as proof for the Shareholders that Qing admitted violating the June 2000 Amex Lindner agreement in two ways (giving "any information" to a prospective employer and not referring them to Human Resources) and also that Jason Brown, Esq. of the General Counsel's Office knew about this in Feb2006, despite a letter to me to the contrary, and in violation of the Amex Code of Conduct ("Code") which my Shareholder Proposal seeks to improve so that such acts in violation of both the "Code" and of SEC regulations (Sarbanes Oxley on filing accurate, truthful Codes) do not occur again to other Amex employees who should be covered under Title VII of the Civil Rights Act of 1964, which I so allege. Title VII is valid since it covers retaliation against an employee (former or current)

---

[1] It was so ORDERed by USDJ Griesa in Pacer #256 Jan 10, 2011:

> "ORDER: Plaintiff seeks to file this submission under seal. Accordingly, Plaintiffs Order to Show Cause is denied. The motion to seal is, therefore, denied. Plaintiffs applications for injunctive relief and sealing are denied. No further filings will be accepted in this case except those directed to the United States Court of Appeals for the Second Circuit. The Court certifies, pursuant to 28 U.S.C. 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. (Signed by Judge Thomas P. Griesa on 1/7/2011) (jfe) (Entered: 01/10/2011)"

*[Stamp: USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: / DATE FILED: 2/4/11]*

1.

who made an EEOC charge, which I did in 1998 and 1999 and was fired in Nov 1998, and retaliated against by Qing in or about March 2005 (admitted by Qing in said videotape).

Amex has tried to end this suit (06cv3834), which I am appealing, but in any case, Amex reserved me the right to use my full shareholder rights, and in so doing, I need those tapes and videos. Amex has not compensated me for the tapes, nor will I accept compensation, and I have referenced them to the SEC, which I wish to file them, and which Amex seeks to stop in violation of the Constitutional prohibition against seizure, which in any case, no criminal act by me has been alleged nor committed. (In other words, the tapes are mine, and are unlike criminal contraband seized by the executive branch and held as evidence by The Courts.) This, rather, is a blow to the 1st Amendment of freedom of speech, and a violation of the SEC Acts of 1932 and 1934 for full disclosure of relevant shareholder information, since Amex CEO Ken Chenault falsely stated in April 2009 and then repeated in April 2010 that Amex employees had "integrity", when in fact of the five people I named, two of whom (Amex General Counsel VP Jason Brown, Esq. and Qing) admitted under oath in those videos that they violated the Amex Code of Conduct and possibly SEC regulations and Title VII of the Civil Rights Act of 1964. (See Attachment A for the excerpt from the April 2010 statements by me and by CEO Chenault.)

I also subpoenaed Ms. Park of Kelley Drye Warren to testify as to her statements to Your Honor and to Tom Luz in the meeting Your Honor had prior to the mediation of March 2007, where Your Honor said that Ms. Park is to accede to my request as relayed by Tom Luz, Esq. that Amex bring a non-attorney executive to the mediation, which Mr. Luz told me that Ms. Park was angry about, and which it turns out was not done at said mediation. Ms. Park evaded a subpoena on that issue for a suit against me by Tom Luz, where the issue was whether Tom Luz or Ms. Park was right on whether Amex was to bring a **non-attorney** executive to the mediation. Given that a professional process server was involved (he was shocked that an attorney would evade a subpoena), this is no trivial matter, especially considering that Your Honor refused me to contact Amex or Amex's attorneys at Kelley Drye Warren by email and/or phone. I think we have established that Ms. Park has violated the trust that Your Honor accorded her, and thus wish all such restrictions on me be lifted.

If Ms. Park does not respond within two weeks, we can safely assume that Ms. Park has no objection to this proposal. However, should Ms. Park object, I ask that we determine the truth of whether Kelley Drye Warren and she have jointly and separately evaded service of the subpoena and appearance after being served  The subpoena was signed by Judge Engoron of the NY Civil Court.

For all the above reasons, I humbly ask Your Honor to lift any and all restrictions upon me contacting Amex, Kelley Drye Warren, Ms. Park, and also to turn over and unseal my video tapes, recordings and transcripts.

By: /s/ Peter W. Lindner, Plaintiff
1 Irving Place, Apt. G-23-C
New York, New York 10003

Dated: NY, NY on January 27, 2011
Fri, Jan 28, 2011

Sworn before me on this 28th day of January, 2011

CYNTHIA M. HARRIS
Notary Public, State of New York
No. 01HA6224506
Qualified in New York County
Commission Expires June 06, 2014

cc: Via email, fax &/or USPS
- The Honorable USDJ Griesa, US District Court SDNY
- The Hon. James L. Cott, US Magistrate Judge in case 10cv2228, via fax 212-805-7930
- The Hon. Judge Engoron, NY Civil Court
- Levine & Blit, Esq., representing themselves, via fax 212.967.3010
- Jean Park, Esq. of KDW, representing American Express in 06cv3834 and also a witness
- Pery Krinsky, Esq. – witness and alleged ethics attorney to Levine & Blit
- Russell Moriarity, Esq. witness via fax 212.967.3010
- Joe Sacca, Skadden Arps, representing American Express in 10cv2228
- Tom Luz, et al, via fax

2